IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **ODYSSEY PETROLEUM CORP. (US)** | CASE NO. 10-01482-NPO |
|     **Debtor** | |

---

| | |
|---|---|
| **Odyssey Petroleum Corp. (US)** | PLAINTIFF |
| VS. | AP NO. _____ |
| **Whitney J. Pansano, Jr.,** <br> **Pan Southern Petroleum Corp.,** <br> **and John Does 1-5** | DEFENDANTS |

_____

**EMERGENCY COMPLAINT TO TURNOVER PROPERTY [11 U.S.C. § 542(a) and (e)]
AND REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION**

COMES NOW Odyssey Petroleum Corp. (US), the Debtor-in-Possession, ("Odyssey" or "Debtor"), and requests the Court to grant on an emergency basis, a preliminary and permanent injunction compelling Whitney J. Pansano, Jr. ("Pansano"), Pan Southern Petroleum Corp. ("Pan Southern") and John Does 1-5 to turnover property of the bankruptcy estate of Debtor pursuant to Sec. 542(a); and to turnover recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs pursuant to Sec. 542(e) and for cause would show the following:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E).

2. Venue properly lies in this judicial district and with this Court pursuant to 28 U.S.C. § 1409(a) as this adversary proceeding is related to the above-captioned case under title 11 of the United States Code and the Case is still pending.

3. The relief requested herein is made pursuant to, *inter alia*, 11 U.S.C. § 542(a) and (e).

## Background

4. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court on April 23, 2010. The Debtor continues in possession of its property and is operating and managing its business pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

5. No trustee or examiner has been appointed in this case. A Creditors' Committee has been appointed.

## Parties

6. Plaintiff, Odyssey Petroleum Corp. (US), is a Debtor in the above-captioned Chapter 11 Bankruptcy.

7. Defendant, Whitney J. Pansano, Jr., is the former President and Chairman of the Board of the Debtor and may be served with process of this Court by First Class United States Mail, postage prepaid, to the address at which he regularly conducts business, 1000 Pan Southern Drive, Hwy 43, P.O. Box 398, Puckett, MS 39151, and by serving a copy to his attorney.

8. Defendant Pan Southern Petroleum Corp. is a Domestic Corporation, domiciled and registered in the State of Mississippi, and may be served through its Registered Agent,

Whitney Pansano Jr., by First Class United States Mail, postage prepaid, at 1000 Pan Southern Drive, Hwy 43, P.O. Box 398, Puckett, MS 39151 and by serving a copy to its attorney.

9. John Does 1-5 are unknown individuals or entities who may be an affiliate of or related to or have common business and/or financial interests with Pansano and/or Pan Southern and who possess property of the estate or recorded information relating to the Debtor's property or financial affairs.

10. Pansano and/or Pan Southern and/or John Does 1-5 are collectively referred to herein as "Defendants".

## Facts

11. Mr. Pansano is the former President of the Debtor. He resigned his position effective December 2, 2010, in order to remove himself from a position of having a conflict of interest to the debtor. See *Interim Order Granting Debtor's Amended Application to Employ and Retain Shared Management Resources and Charles Deutchman as Chief Restructuring Officer* [Dkt #321].

12. Pan Southern leased to the Debtor all office space ("Leased Office Space") that had been occupied by the Debtor until December 31, 2010. On December 31, 2010, the Debtor moved out of the Leased Office Space.

13. At the time Debtor moved out of the Leased Office Space, the Debtor intended to remove all documents and things used in the Debtor's daily operations and available to Debtor from the premises. Since the subject move, Debtor has discovered that a number of documents and other items (collectively referred to as "Documents") were retained by Pansano and/or Pan Southern and/or John Does 1-5. Such Documents include, but are not limited to, complete well

files for each well within the Pelahatchie oil field, however, the Documents being requested by way of this action should be broadly interpreted to include all Documents previously contained in the Debtor's files and pertaining to the field and wells operated by or under the direction and control of the Debtor and that otherwise relate to the properties and or business operations of the Debtor.

14. Pansano and/or Pan Southern and/or John Does 1-5 have since asserted a claim of ownership in these Documents.

15. Debtor also asserts a claim of ownership in these Documents.

### Count I:  Turnover of Property under § 542(a)

16. Paragraphs 1 through 15, inclusively, are incorporated herein by reference.

17. The Defendants are in possession, custody, or control, during the pendency of this case, of property (the Documents) that the Debtor needs for use in its business and operations.

18. The Documents have value to the Debtor and are necessary to the continued operation of its business, and the Debtor's estate can benefit from the use of these Documents.

19. Defendants should be compelled to deliver all of the Documents to the Debtor.

### Count II:  Turnover of Property under § 542(e)

20. Paragraphs 1 through 19, inclusively, are incorporated herein by reference.

21. Pansano and/or Pan Southern hold recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs.

22. Defendants should be compelled to deliver all of the Documents and this recorded information to the Debtor.

## Relief Requested

Wherefore, premises considered, Debtor requests the following:

a. An Emergency Hearing to consider a Preliminary Injunction pursuant to F.R.B.P. 7065, compelling the Defendants to turnover all of the subject property and/or recorded information.

b. A Permanent Injunction pursuant to F.R.B.P. 7065, compelling the Defendants to turnover all of the subject property and/or recorded information.

c. A Judgment determining that the subject property and/or recorded information are property of the estate and that the Defendants are compelled to turn the property and/or recorded information over to the Debtor or, alternatively,

d. A Judgment determining that the property and/or recorded information relate to the Debtor's property or financial affairs and that the Defendants are compelled to deliver this recorded information to the Debtor.

e. That any Judgment bind the parties, the parties' officers, agents, servants, employees, and attorneys, and any other person or entity who are in active concert or participation with the parties, the parties' officers, agents, servants, employees, and attorneys.

f. That an injunction be issued without the requirement of bond or security as Rule 7065 exempts debtors in possession from the requirements of Rule 7065(c) regarding Security.

g. Any other relief the Court deems just or proper.

Respectfully submitted this 14th day of January, 2011.

                                                          Odyssey Petroleum Corp. (US), Plaintiff
                                                          Chapter 11 Debtor-in-Possession

                                                          By:     s/John D. Moore
                                                                     John D. Moore, MSB No. 10610

Moore & Manhein, LLP
301 Highland Park Cove, Suite B (39157)
Post Office Box 3344
Ridgeland, Mississippi  39158-3344
601-853-9131
Fax:  601-853-9139
E-Mail:  john@johndmoorepa.com
Attorney for Odyssey Petroleum Corp. (US)