# EXHIBIT A TO PLAN
## "Committee Settlement"

### SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of May 16, 2011, between Odyssey Petroleum Corp. (U.S.) ("Odyssey" or the "Debtor"), Petrichor Energy, Inc. (f/k/a Odyssey Petroleum Corp.) ("Petrichor"), the Official Committee of Unsecured Creditors (the "Committee"), and the "Baker Entities" (defined as Baker Hughes, Inc., Baker Petrolite Corporation, and BJ Services Company U.S.A.).

### RECITALS

WHEREAS:

1. Odyssey filed a petition for relief pursuant to Chapter 11 of the *United States Bankruptcy Code* on April 23, 2010; and

2. Odyssey remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to §§1107 and 1108 of the *United States Bankruptcy Code;* and

3. The Committee was duly appointed by the U.S. Trustee on June 3, 2010; and

4. One of the Baker Entities -- namely, Baker Petrolite Corporation -- is a member of the Committee; and

5. The unsecured creditors, represented by the Committee, have claims against the Estate as outlined in Exhibit A attached hereto and incorporated herein by reference, which exhibit was prepared by the Debtor's CRO based on the Debtor's reconciliation of all scheduled and filed claims timely asserted against the Estate; and

6. Based on the pending contract to purchase the Debtor's assets, the estate is solvent and is expected to yield a significant return to Petrichor as the holder of the equity interest in the Debtor; and

7. The Committee has filed a *Motion for Appointment of Chapter 11 Trustee* [Dkt #565], and the Baker Entities have filed a *Joinder in and Response to Motion for Appointment of Chapter 11 Trustee* [Dkt #572] (collectively, the "Trustee Motion"), and Odyssey has filed a *Response and Objection* to these Pleadings [Dkt #607]; and

8. Petrichor is 100% equity holder of Odyssey, and therefore the ultimate beneficiary of excess funds remaining in the Estate after all allowed claims are paid; and

9. Petrichor and the Debtor desire to avoid administrative expenses to the Estate as



such expenses will only serve to deplete the recovery of the equity owner; and

10. Petrichor and Odyssey, in furtherance of their desire to maximize recovery to the equity owner, entered a Settlement Agreement which also included Confederation Capital Corporation, G&O Energy, Energy Resources Corp., Pan Southern Petroleum Corp., Phoenix Resources, LLC, Whitney J. Pansano, Jr., Whitney Pansano, III, Goodliffe Capital, Inc. and Harvey H. Hutchins, (the "Petrichor Settlement Agreement") which is the subject of the Debtor's *Motion to Approve Compromise and Settlement of Claims* [Dkt #595] ("9019 Motion") filed on May 7, 2011; and

11. Petrichor and Odyssey, for the same reasons, further desire to enter this Settlement Agreement with the Committee and the Baker Entities to resolve various disputed issues between or among them pertaining to the 9019 Motion, the Sale Motions (defined below) and the Trustee Motion.

## AGREEMENT

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, the receipt and sufficiency of which is acknowledged by all of the parties hereto, the parties hereby agree as follows:

A. Upon the closing of a sale of the Debtor's assets pursuant to the currently filed Bid Procedures Motion [Dkt #592] and Sale Motion [Dkt #591] (collectively, the "Sale Motions"), the Debtor will deposit a portion of the sale proceeds in a separate Debtor in Possession account -- which will be a joint account requiring the signatures of both Debtor's Counsel and Committee Counsel in order for any funds to be disbursed and, absent written agreement of the Debtor and Committee, or Order of the Court, funds will only be disbursed through the joint plan discussed below -- in an amount equal to: (i) the aggregate principal amount of the unsubordinated, uncompromised, unsecured claims ($2,286,871.00), as outlined in the attached Exhibit A (hereinafter, the "Claims"); plus (ii) 10% of the aggregate principal amount of the Claims (hereinafter, the "Additional Amount").

B. Subject to Paragraph D below, the Claims will be recognized as allowed in the amounts listed in Exhibit A, and those amounts, plus 10% thereof as a result of the Additional Amount, will be paid to the holders of the Claims pursuant to and upon confirmation of the joint plan discussed below.

C. The Additional Amount will compensate the holders of the Claims for interest on the Claims and will also constitute consideration to such holders given in exchange for, upon payment of the Claims and the Additional Amount pursuant to the joint plan discussed below, a complete waiver and release of any and all other amounts or claims which any or all

of the subject holders might otherwise have had for any amount in excess of 110% of such holder's claim.

D.   The Debtor will have thirty days from the Court's approval of this Settlement Agreement to object to the following claims: Bow Oil Co. LTD, Marshall R. Young Oil Company, Exxcel Energy Capital, LLC, and Cajun Well Service. These four claims were selected based on the lack of knowledge of their existence and/or documentation made available to the Debtor that provides evidence that they do not represent valid claims against the Estate.

E.   The Committee, the Baker Entities and the Debtor agree to jointly request the Court to reset the June 21, 2011 hearing on the Trustee Motion for a date and time certain during the week of July 5, 2011 or as soon thereafter as the Court is available (but in no event later than July 12, 2011). Notwithstanding the foregoing, the Committee and the Baker Entities will withdraw the Trustee Motion without prejudice upon Bankruptcy Court approval of all of the following: (i) the Amended 9019 Motion discussed below, and (ii) the Sale Motions. The Committee and the Baker Entities will not file any motions with this Court or any other applicable court to inhibit the Debtor from completing the closing of a sale of the Debtor's assets pursuant to the Sale Motions. Provided, however, that in the event a closing of a sale of the Debtor's assets pursuant to the Sale Motions does not occur by July 3, 2011, the Committee and/or the Baker Entities may refile a Motion for Appointment of Chapter 11 Trustee or similar motion and request an expedited hearing thereon to occur no later than July 12, 2011, and the Debtor agrees not to oppose the request for expedited hearing.

F.   The Committee and the Baker Entities will agree to fully support the Sale Motions and all subsequent actions by the Debtor needed to complete the closing of a sale of the Debtor's assets pursuant to the Sale Motions.

G.   The currently filed 9019 Motion [Dkt #595] will be amended (the "Amended 9019 Motion") to make the Committee and the Baker Entities parties thereto and to add the settlement reflected herein to the relief requested in that motion. The Committee and the Baker Entities will support the Amended 9019 Motion.

H.   The Debtor and Committee will use their good faith best efforts to file a joint disclosure statement and a joint plan of liquidation as soon as practical after execution of this Agreement, but in no event later than June 6, 2011. The joint disclosure statement and joint plan of liquidation will provide for terms and treatment consistent with the terms and conditions contained in this Agreement, as well as the terms and conditions contained in the Petrichor Settlement Agreement.

I.   <u>Effectiveness</u>.   The effectiveness of this Settlement Agreement is subject to: (i) the filing of the aforementioned joint disclosure statement and joint plan of liquidation by

June 6, 2011, (ii) entry by the Bankruptcy Court of a final and nonappealable Order approving it, and (iii) the occurrence of a closing of a sale of the Debtor's assets pursuant to the Sale Motions.

J. <u>Construction</u>. Each Party acknowledges that it has participated in the negotiation of this Agreement and no provision of this Agreement will be construed against or interpreted to the disadvantage of any Party hereto by any court or other governmental or judicial authority by reason of such Party having or being deemed to have structured, dictated or drafted such provision. All terms of this Agreement were negotiated at arms-length, and this Agreement was prepared and executed without fraud, duress, undue influence or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

K. <u>Counterparts; Electronic Delivery</u>. To facilitate execution, this Agreement and any required consents may be executed in as many counterparts as may be convenient or required. It shall not be necessary that the signature of, or on behalf of, each Party, or that the signature of all persons required to bind any Party, appear on each counterpart. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this Agreement or any required consent to produce or account for more than a single counterpart containing the respective signatures of, or on behalf of, each of the Parties thereto. Any signature to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature pages. Delivery of an executed counterpart of this Agreement or any required consent by telefacsimile or any other form of electronic transmission shall be equally as effective as delivery of an original executed counterpart thereof. Any Party delivering an executed counterpart of this Agreement or any required consent by telefacsimile or other electronic means also shall deliver an original executed counterpart of such instrument, but the failure to deliver an original executed counterpart shall not affect the validity, enforceability, and binding effect thereof.

L. <u>Governing Law</u>. This Agreement shall be construed and enforced in accordance with the laws of the State of Mississippi, without regard to the conflict of laws rules in effect from time to time in the State of Mississippi.

M. <u>Complete Agreement</u>. The Parties further agree, declare and represent that no promise, inducement, representation or agreement not herein expressed has been made to any Party or caused them to enter this Agreement. The Agreement contains the entire and final agreement between the Parties and there are no agreements, understandings, warranties or representations among the Parties except as set forth herein. The terms of the Agreement are contractual and not a mere recital. This is a fully integrated agreement. It may not be altered or modified by oral agreement or representation or otherwise except by a writing of subsequent date hereto signed by all parties in interest at the time of the alteration or modification.



N. **Necessary Documents.** The Parties agree to enter into and execute such further documents or instruments as may be necessary and appropriate to effectuate this Agreement.

O. **Miscellaneous.** It is further agreed as follows:

(a) Time is of the essence in this Agreement and each provision of this Agreement.

(b) This Agreement will inure to the benefit of and bind the respective heirs, personal representatives, successors, and permitted assigns of the Parties hereto.

(c) Paragraph or other headings contained in this Agreement are for reference purposes only and are not intended to affect in any way the meaning or interpretation of this Agreement.

(d) Neither this Agreement nor any of the provisions hereof can be changed, waived, discharged or terminated, except by an instrument in writing signed by the Party against whom enforcement of the change, waiver, discharge or termination is sought.

(e) The parties recognize that the duties of good faith and fair dealing are not just implied in this Agreement; but these duties are express terms and conditions hereof.

EXECUTED with full power and authority, and AGREED effective (subject to the terms of Paragraph I hereof) as of the date first written above.

Odyssey Petroleum Corp. (U.S.)
BY: _____
Charles Deutchman, CRO

Official Committee Of Unsecured Creditors
BY: _____
Jerry Kelly, Chairman

Baker Hughes, Inc., Baker Petrolite Corporation, BJ Services Company U.S.A.

BY: _____

ITS: _____

PRINT NAME: _____



N. **Necessary Documents.** The Parties agree to enter into and execute such further documents or instruments as may be necessary and appropriate to effectuate this Agreement.

O. **Miscellaneous.** It is further agreed as follows:

(a) Time is of the essence in this Agreement and each provision of this Agreement.

(b) This Agreement will inure to the benefit of and bind the respective heirs, personal representatives, successors, and permitted assigns of the Parties hereto.

(c) Paragraph or other headings contained in this Agreement are for reference purposes only and are not intended to affect in any way the meaning or interpretation of this Agreement.

(d) Neither this Agreement nor any of the provisions hereof can be changed, waived, discharged or terminated, except by an instrument in writing signed by the Party against whom enforcement of the change, waiver, discharge or termination is sought.

(e) The parties recognize that the duties of good faith and fair dealing are not just implied in this Agreement; but these duties are express terms and conditions hereof.

EXECUTED with full power and authority, and AGREED effective (subject to the terms of Paragraph I hereof) as of the date first written above.

Odyssey Petroleum Corp. (U.S.)
BY: _CS Deutchman — CRO_
Charles Deutchman, CRO

Official Committee Of Unsecured Creditors
BY: _____
Jerry Kelly, Chairman

Baker Hughes, Inc., Baker Petrolite Corporation, BJ Services Company U.S.A.
BY: _[signature]_
ITS: _AUTHORIZED AGENT_
PRINT NAME: _CHRISTOPHER J. RYAN_

EXECUTED with full power and authority, and AGREED effective (subject to the terms of Paragraph I hereof) as of the date first written above.

Petrichor Energy, Inc.

BY: _____

ITS: _____President & CEO_____

PRINT NAME: ___Joe DeVries___

APPROVED AS TO FORM:

_____
John D. Moore, Attorney for Odyssey

_____
Doug Noble, Attorney for the Committee

_____
Walter Newman, Attorney for Petrichor

_____
Bill Leech, Attorney for Baker Entities
 or
Danny E. Ruhl, Attorney for Baker Entities

EXECUTED with full power and authority, and AGREED effective (subject to the terms of Paragraph 1 hereof) as of the date first written above.

Petrichor Energy, Inc.

BY: _____

ITS: President & CEO

PRINT NAME: Joe DeVries

APPROVED AS TO FORM:

_____
John D. Moore, Attorney for Odyssey

_____
Doug Noble, Attorney for the Committee

_____
Walter Newman, Attorney for Petrichor

_____
Bill Leech, Attorney for Baker Entities
 or
Danny E. Ruhl, Attorney for Baker Entities

EXECUTED with full power and authority, and AGREED effective (subject to the terms of Paragraph I hereof) as of the date first written above.

Petrichor Energy, Inc.

BY:_____

ITS:_____

PRINT NAME:_____

APPROVED AS TO FORM:

_____
John D. Moore, Attorney for Odyssey

___*[signature]*___
Doug Noble, Attorney for the Committee

_____
Walter Newman, Attorney for Petrichor

_____
Bill Leech, Attorney for Baker Entities
 or
Danny E. Ruhl, Attorney for Baker Entities

EXECUTED with full power and authority, and AGREED effective (subject to the terms of Paragraph I hereof) as of the date first written above.

                                        Petrichor Energy, Inc.

                                        BY:_____

                                        ITS:_____

                                        PRINT NAME:_____

APPROVED AS TO FORM:

_____
John D. Moore, Attorney for Odyssey


_____
Doug Noble, Attorney for the Committee


_____
Walter Newman, Attorney for Petrichor

_____
Bill Leech, Attorney for Baker Entities
 or
Danny E. Ruhl, Attorney for Baker Entities

# Odyssey Petroleum Corporation
## Analysis of the Unsecured Unsubordinated Creditor Claims Pool

| Group | No. | Date Filed | Claim Priority | Claim Type | Creditor Name | POC Claims Register |
|---|---|---|---|---|---|---|

**Unsecured Claims and Subordianted Secured Claims That Filed a Proof of Claim:**

| Group | No. | Date Filed | Claim Priority | Claim Type | Creditor Name | POC Claims Register |
|---|---|---|---|---|---|---|
| | 1 | 04/30/10 | US | Service | Waring Oil | $11,775 |
| | 2 | 05/03/10 | US | Service | Worldwide Energy Services, Inc. | $4,600 |
| | 3 | 05/03/10 | US | Service | Wade Services | $2,568 |
| | 4 | 05/03/10 | US | Service | Laurel Magneto Service | $1,377 |
| | 6 | 05/04/10 | US | Service | Johnston Sand & Gravel | $1,768 |
| | 7 | 05/04/10 | US | Service | Free State Tool Corp. | $6,919 |
| | 8 | 05/04/10 | US | Service | Jackson Air & Hydraulic | $2,940 |
| | 9 | 05/04/10 | US | Service | Stewart's Testing Inc. | $20,375 |
| | 10 | 05/06/10 | US | Service | Southern Propane | $3,130 |
| | 11 | 05/06/10 | US | Service | Beacon Supply Co. | $570 |
| | 12 | 05/10/10 | US | Service | Hercules Wire Rope | $2,879 |
| | 13 | 05/12/10 | US | Service | Performance Drilling Company, LLC | $1,060,252 |
| | 15 | 05/12/10 | US | Service | B & B Oil Well Service | $18,233 |
| | 16 | 05/13/10 | US | Service | Eastern Fishing & Rental Tools | $2,507 |
| | 17 | 05/14/10 | US | Service | Kelley Brothers Contractors, Inc. | $10,963 |
| | 18 | 05/17/10 | US | Service | Kimray | $3,808 |
| | 19 | 05/17/10 | US | Service | Stringer's Oilfield | $2,707 |
| | 20 | 05/18/10 | US | Service | Southern Hose and Ind. Supp. | $1,039 |
| | 21 | 05/20/10 | US | Service | Dew Point Control, LLC | $37,080 |
| | 22 | 05/20/10 | US | Service | Bio Tech | $428 |
| | 23 | 05/21/10 | US | Service | Megagate | $1,342 |
| | 24 | 05/25/10 | US | Service | Lewis Pest Control | $240 |
| | 25 | 05/26/10 | US | Service | Advanced Products, Inc. | $2,738 |
| | 26 | 05/27/10 | US | Service | Professional Wireline Rentals, LC | $2,651 |
| | 27 | 05/28/10 | US | Service | M & D Sales Inc. | $15,997 |
| | 28 | 05/28/10 | US | Service | Champion Technologies | $5,482 |
| | 29 | 05/28/10 | US | Service | Sparks Gamma Ray Surveys | $4,500 |
| | 30 | 05/28/10 | US | Service | Total Pump & Supply | $36,165 |
| | 32 | 06/03/10 | US | Service | Dutch Lubricants | $3,900 |
| | 33 | 06/28/10 | US | Service | Cajun Well Service | $129,514 |
| | 34 | 06/10/10 | US | Service | Speciality Rental Tools | $7,704 |
| | 35 | 06/18/10 | US | | Exxel Energy Capital LLC | $9,500 |
| | 36 | 06/21/10 | US | Service | Heidelberg Pump & Supply, Inc. | $87,746 |
| | 38 | 06/23/10 | US | Service | Tesco Services Inc. | $21,993 |
| | 39 | 06/23/10 | US | Service | Gray Wireline | $22,372 |
| | 40 | | | | ***NOT USED*** | |
| | 42 | 07/02/10 | US | Service | Kelley Oil Company | $38,336 |
| | 43 | 07/06/10 | US | Service | Perf-O-Log, Inc. | $7,073 |
| | 44 | 07/07/10 | US | Service | Whitney Pansano *(Replaced by # 85)* | |
| | 45 | 07/08/10 | US | Service | Broadway Premium Funding | $2,201 |
| | 46 | 07/08/10 | US | Service | Liberty Mutual Insurance | $0 |
| | 47 | 07/08/10 | US | Service | Superior Energy Services LLC | $18,455 |
| | 48 | 07/08/10 | US | Service | Warrior Energy Services, Inc. | $68,299 |
| | 49 | 07/08/10 | US | Service | Reagan Equipment Co., Inc. | $8,998 |
| | 50 | 07/09/10 | US | Service | Pitney Bowes, Inc. | $1,274 |
| | 52 | 07/09/10 | US | Service | Bean Resources (formerly held by B.H.) | $22,415 |
| | 53 | 07/09/10 | US | Service | Baker Petrolite Corporation | $101,821 |
| | 54 | 07/09/10 | US | Service | Wood Group Pressure Control, LP | $8,919 |
| | 55 | 07/09/10 | US | Service | BJ Services Company, USA | $15,898 |
| | 74 | 11/15/10 | US | Service | Lampton Love of Pelahatchie, Inc. | $11,726 |

# Odyssey Petroleum Corporation
## Analysis of the Unsecured Unsubordinated Creditor Claims Pool

**EXHIBIT A**

| Group | No. | Date Filed | Claim Priority | Claim Type | Creditor Name | POC Claims Register | |
|---|---|---|---|---|---|---|---|
| | 76 | 01/03/11 | US | ?? | Bow Oil Co. LTD | $50,000 | |
| | 77 | 03/11/11 | US | ?? | Marshall R. Young | | |
| | 78 | 03/17/11 | US | Lease | Pan Southern Petroleum, Corp | $90,000 | PRE |
| | 79 | 03/17/11 | US | Lease | Pan Southern Petroleum, Corp | $198,000 | PRE |
| | 80 | 03/17/11 | US | Lease | Phoenix Resources, LLC | $170,000 | PRE |
| | 81 | 04/06/11 | US | Service | Harvey Hutchins | $10,000 | PRE |
| | 83 | 04/06/11 | ROY | Royalty | Goodlieffe Capital, Inc. | $9,940 | PRE |
| | 84 | 04/06/11 | ROY | Service | Whitney Pansano, III | $16,074 | PRE |
| | 85 | 04/06/11 | US | Service | Whitney Pansano, Ltd. | $58,528 | PRE |
| | 86 | 04/06/11 | SEC | Loan | Energy Resources, LLC | $132,300 | PRE |
| | 87 | 04/06/11 | US | Service | Phoenix Resources, LLC | $524,660 | PRE |
| | 89 | 04/11/11 | US | Service | Drew Maness | $22,783 | |
| | 95 | 04/13/11 | US | Service | Confederation Capital Corp. | $538,348 | PET |
| | 96 | 04/14/11 | US | Service | Harvey Hutchins | $153,000 | PRE |

**TOTALS ==>** **$3,826,808**

### Unsecured Claims That Did Not File a Proof of Claim:

| | Creditor | Amount |
|---|---|---|
| US | A & B Pump Supply | $4,794 |
| US | Adams & Reese | $115,643 |
| US | Anderson Construction | $2,064 |
| US | Belt Warehouse | $644 |
| US | Ben Johnson (Machine & Tool, Co.) | $0 |
| US | Broadway Premium Ins. (Fireman's) | $1,101 |
| US | Browing Air & Hydraulic Co. | $84 |
| US | California Contractors Supplies, Inc. | $124 |
| US | Central Hydraulics | $1,837 |
| US | Champion Oil Field Services | $1,342 |
| US | Clarkco Services, Inc. | $7,504 |
| US | Compressor & Engine Service | $7,811 |
| US | Elkins Electric Corp | $3,309 |
| US | Fastenal | $27 |
| US | Filtration Systems of MS. Inc. | $7,231 |
| US | Fleet Morris Petroleum | $6,774 |
| US | Floquip, Inc. | $2,708 |
| US | FLR Products, LLC | $2,399 |
| US | Gray Daniels | $3,276 |
| US | H & H Transportation, LLC | $6,455 |
| US | IMS | $150 |
| US | Jonathon Turner Construction | $1,755 |
| US | K & W Auto Parts | $82 |
| US | Kimerling Truck Parts | $86 |
| US | Littich Backflow Testing | $75 |
| US | Logan Oilfield Services, LLC | $5,914 |
| US | Masco Wireline | $5,831 |
| US | May & Associates | $27,485 |
| US | Mesa Machine, Inc. | $1,944 |
| US | Michael Thorton | $85 |
| US | Mississippi Gauge & Supply | $353 |
| US | Motion Industries | $1,939 |
| US | MS. State Oil and Gas Board | $129 |
| US | Natco | $627 |

(Page 2 of 3)
**CONFIDENTIAL**

Analysis of the Unsecured Unsubordinated Creditor Claim Pool (as of 5-11-11) for UCC Settlement .xls
Unsecured Claims Pool Analysis

# Odyssey Petroleum Corporation

## Analysis of the Unsecured Unsubordinated Creditor Claims Pool

EXHIBIT A

| Group | Claim No. | Date Filed | Claim Priority | Claim Type | Creditor Name | POC Claims Register |
|---|---|---|---|---|---|---|
| | | | US | | National Registered Agents, Inc. | $169 |
| | | | US | | Nexair | $410 |
| | | | US | | Oil States Industries | $740 |
| | | | US | | Petro Pump of South LA. | $103,385 |
| | | | US | | Precision Signs | $703 |
| | | | US | | Professional Wireline Rentals, LCC | $2,651 |
| | | | US | | Pro-Way Operating | $3,425 |
| | | | US | | Quill | $227 |
| | | | US | | RFT, Rental & Fishing Tools, Inc. | $2,312 |
| | | | US | | River Oaks Management, Inc. | $140 |
| | | | US | | Robine & Welch Machine & Tool, Co. | $1,194 |
| | | | US | | Schlumberger | $16,652 |
| | | | US | | Seal Tech | $1,498 |
| | | | US | | Stewart Sand & Gravel | $300 |
| | | | US | | T. J. Scarbrough, Inc. | $1,412 |
| | | | US | | Twins Construction | $7,342 |
| | | | US | | Universal Compression | $8,651 |
| | | | US | | Venture Transport Logistics, LLC | $1,693 |
| | | | US | | Wise Well Services Blocker, Inc. | $29,373 |

**Total of Scheduled Claims that did not file a POC ==>** **$403,859**

**Total of "Scheduled Unsecured" and "Unsecured filing a Proof of Claim" ==>** **$4,230,667**

| | | |
|---|---|---|
| **Total Pansano Related Entity Unsecured Claims ==>** | $1,362,502 | PRE |
| **Total Petrichor Energy, Inc. Related Entity Unsecured Claims ==>** | $538,348 | PET |
| **Total of Subordinated Claims to Unaffiliated Unsecured Creditors ==>** | **$1,900,849** | |

**Net, Unsubordinated Unsecured Creditor Claim ==>** **$2,329,818**

**Construction Liens, included in Unsecured Creditor Balances above:**

| | | |
|---|---|---|
| N/A | Schlumberger | ($16,652) |
| 48 | Warrior Energy Services, Inc. | ($26,295) |
| **Total Const. Liens included above in Unsecured Claims ==>** | | **($42,947)** |

**Unsubordinated Unsecured Creditor Claim, Net of Construction Liens ==>** **$2,286,871**

**10.0% Additional Amount ==>** **$228,687**

**Total Claim Pool for Unsubordinated Unsecured Creditors ==>** **$2,515,558**

**Questionable Claims (Included Above):**

| | | | |
|---|---|---|---|
| 76 | 01/03/11 | Bow Oil Co. LTD | $50,000 |
| 77 | 03/11/11 | Marshall R. Young Oil Company | ?? |
| 33 | 06/28/10 | Cajun Well Service | $129,514 |
| 35 | 06/18/10 | Exxel Energy Capital LLC | $9,500 |
| | | **Total for the above questionable claims ==>** | **$189,014** |

(Page 3 of 3)
CONFIDENTIAL

Analysis of the Unsecured Unsubordinated Creditor Claim Pool (as of 5-11-11) for UCC Settlement .xls
Unsecured Claims Pool Analysis