EXHIBIT B TO PLAN

Parent/Pansano Settlement

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into on May 3, 2011 among Odyssey Petroleum Corp. (U.S.) ("Odyssey U.S."), Petrichor Energy, Inc. (f/k/a Odyssey Petroleum Corp.) ("Petrichor"), Confederation Capital Corporation ("Confederation"), G&O Energy ("G&O"), Energy Resources Corp. ("Energy"), Pan Southern Petroleum Corp. ("Pan Southern"), Phoenix Resources, LLC ("Phoenix"), Whitney J. Pansano, Jr. ("Pansano Jr."), Whitney Pansano, III ("Pansano III"), Goodliffe Capital, Inc. ("Goodliffe Capital") and Harvey H. Hutchins ("Hutchins").

## RECITALS

WHEREAS, Odyssey U.S. filed a petition for relief pursuant to Chapter 11 of the *United States Bankruptcy Code* on April 23, 2010; and

WHEREAS, Odyssey U.S. remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to §§1107 and 1108 of the *United States Bankruptcy Code*; and

WHEREAS, the non-debtor parties to this Settlement Agreement have filed certain claims against the Bankruptcy Estate of Odyssey U.S. as set forth in Schedule A hereto; and

WHEREAS, the parties have various potential claims against each other and have disputes concerning the amount, allowability and determination of secured status of the claims; and

WHEREAS, the parties desire to settle and compromise all asserted and unasserted state law claims against them and determine the allowability and priority of the claims.

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, the receipt and sufficiency of which is acknowledged by all of the parties hereto, the parties hereby agree as follows:

1.  **Definitions**. The following terms shall have the meaning ascribed to them as follows:

    A.  "Odyssey" U.S. means Odyssey Petroleum Corp. (U.S.) and its respective officers, directors, agents and representatives.

    B.  "Canadian Related Entities" means Petrichor, Confederation, G&O and their respective officers, directors, agents and representatives.

    C.  "Pansano Related Entities" means Energy, Pan Southern, Phoenix, Pansano Jr., Pansano III, Goodliffe Capital and Hutchins and their respective officers, directors, agents and representatives.

D.  "Closing" means a closing of a sale of the oil, gas and mineral interests of Odyssey U.S. and Petrichor as contemplated by that certain Motion to Approve (I) Sale of Assets Free and Clear of Interests; (II) Assumption and Assignment of Unexpired Leases and Executory Contracts; and (III) Compromise and Settlement of Claims and Expedited Motion to (I) Approve Stalking Horse Bidder; (II) Establish Bidding Procedures in Connection with Proposed Sale of Substantially All Assets of Estate and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (III) Set Date of Auction Sale Hearing and Objection Deadline; and (IV) Approve Form, Manner, Scope, and Substance of Notice. (hereinafter,"363Motion")

E.  "Trafalgar Agreement" means that certain Agreement Regarding Loan Restructuring dated April 21, 2011 between Trafalgar Capital Specialized Investment Fund, FIS and Petrichor.

2.  **Canadian Related Entities Claims.** Claim No. 93 filed by Petrichor shall be allowed as a fully secured claim in the liquidated amount of $1,642,452.00. Claim No. 95 filed by Confederation shall be allowed as a general unsecured claim in the amount of $538,347.60. Claim No. 94 filed by G&O shall be allowed and treated as a royalty cure payment in the amount of $105,967.70 and paid at the same time and in the same manner as all other royalty cure payments.

3.  **Pansano Related Entities Claims.** Claim No. 80 in the amount of $170,000.00. filed by Phoenix shall be allowed as a general unsecured claim in the amount of $96,697.13. Claim No. 78 in the amount of $90,000 filed by Pan Southern shall be allowed as a general unsecured claim in the amount of $51,192.60. Claim No. 79 in the amount of $198,000.00 filed by Pan Southern shall be allowed as a general unsecured claim in the amount of $112,623.72. Claim No. 87 in the amount of $524,660.00 filed by Phoenix shall be allowed as a general unsecured claim in the amount of $298,430.10. Claim No. 83 in the amount of $9,940.19 filed by Goodliffe Capital shall be allowed as a general unsecured claim in the amount of $5,654.05. Claim No. 86 in the amount of $132,300.00 filed by Energy shall be allowed as a general unsecured claim in the amount of $75,253.12. Claim No. 85 in the amount of $58,527.57 filed by Whitney Pansano Ltd. Shall be amended to reflect that it is duplicative of Claim No. 44 in the amount of $40,000.00. Claim Number 85 shall be allowed as a general unsecured claim in the amount of $33,290.87 and claim No 44 shall be fully disallowed. Claim No. 84 in the amount of $16,073.90 filed by Pansano III shall be allowed as a general unsecured claim in the amount of $9,142.94. Claim No. 82 in the amount of $112,410.56 filed by Energy shall be allowed as a pre-petition royalty claim. Claim No.'s 81 and 96 in the collective amount of $163,000.00 filed by Hutchins shall be allowed as a general unsecured claim in the collective amount of $92,715.49. Claim No. 88 filed by Pan Southern shall be allowed as secured claim in the liquidated amount of $515,000.00.

4.  Petrichor Closing Payments. At closing, Petrichor shall be paid the net proceeds of the sale of Petrichor's oil, gas and mineral interests in the amount of $1,900,000.00 pursuant to that certain Purchase and Sale Agreement between Petrichor and Cross-Over Resources II, LP and shall be paid its allowed secured claim in the amount of $1,642,452.00, or a total gross amount at closing of $3,542,452.00. At closing, Petrichor shall pay Trafalgar the amount of $1,500,000.00

from its closing proceeds pursuant to the Trafalgar Agreement, resulting in a net payment to Petrichor of $2,042,452.00 at closing.

5.  **Pan Southern Closing Payment**. At the closing, Odyssey US shall pay Pan Southern its allowed secured claim in the amount of $515,000.00, less any amounts paid by Genesis Crude Oil Sales, LLC to Pan Southern for production after the Effective Date as set forth in the 363 Motion and related documents by virtue of the assignment of production payments under the Pan Southern Deed of Trust dated May 1, 2008.

6.  **Cancellation of Liens.** Upon receipt of the payments required to be made at Closing as provided for in Paragraphs 4 and 5 herein, the Canadian Related Entities and the Pansano Related Entities shall cancel of record and release all liens and security interests upon the oil gas and mineral interests being sold pursuant to the 363 Motion, including, but not limited to, any net profits or other reversionary interests under the Odyssey Petroleum Corp. Series 1 and Series 2 Debentures, provided however, that nothing contained herein shall have any effect upon the Debentures held by Magma Petroleum Corp. and Aarvak Services, S.A.

7.  **G&O and Energy Royalty Payments**. The allowed claims of G&O No. (94) and .Energy No. (82) for unpaid pre-petition royalties shall be paid on the same date and in connection with payment of all other pre-petition royalty payments as more particularly set forth in that certain Order Resolving Debtor in Possession's First and Second Omnibus Motions to Assume Unexpired Non-Residential Real Estate Leases, or in the Alternative to Determine that the Oil and Gas Leases are not "Leases" Subject to the Requirements of Section 365(d)(4). (DK#310) and the Final order resolving Cure Amounts/Arrearages related to Debtor In Possession's First and Second Omnibus Motions to Assume Unexpired Non-Residential Real Estate Leases, or in the Alternative to Determine that the Oil and Gas Leases are not "Leases" Subject to the Requirements of Section 365(d)(4) (DK#519) .

8.  **Subordination of Claims**. Except for the royalty payment claims of G&O and Energy, the allowed general unsecured claims of the Pansano Related Entities and the Canadian Related Entities shall be subordinated to payment of all allowed claims in the Odyssey U.S. bankruptcy case. All allowed general unsecured claims of the Canadian Related Entities shall be subordinated to payment of the allowed general unsecured claims of the Pansano Related Entities (in the collective amount of $775,000.00 as provided for herein), provided, however, that $413,046.75 of Claim No 95 of Confederation shall be paid on the same level of priority and on a pro-rata basis with the allowed general unsecured claims of the Pansano Related Entities. Nothing here shall be construed to limit or otherwise affect the right of the parties hereto to object to any claims in the Odyssey U. S. bankruptcy case that are not allowed by an order of the Court approving this Agreement.

9.  **Retention of Oil, Gas and Mineral Interests**. Except as provided in Paragraph 6 and hereinafter and in this Paragraph 9, Petrichor, G&O and the Pansano Related Entities shall retain ownership of their respective oil, gas and mineral interests, including, but not limited to, all working interests, carried interests, royalty interests and overriding royalty interests which relate in any form or fashion to the oil, gas and mineral interests of Odyssey U.S. and Petrichor being sold pursuant to the 363 Motion. Provided, however, at Closing, the Pansano Related

Entities shall convey to the purchaser any and all interests one or more of them may have to the Knight Salt Water Disposal Well located in Pelahatchie Field and will cancel all reversionary interests, including the reversionary interest in the J Cox #1 Well in Pelahatchie Field.

10. **Mutual Release.** The Canadian Related Entities and the Pansano Related Entities for themselves and their respective successors and assigns hereby fully, absolutely and forever mutually release, relinquish, discharge, settle and compromise any and all claims, cross-claims, counter-claims, causes, damages and actions of every kind and character and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden in law or equity which they have against each other and their respective officers, directors, agents and representatives, provided, however, that nothing in this Agreement is intended to and nothing contained in this Agreement shall be construed to have any effect upon the stock ownership interest of the Pansano Related Entities in Petrichor, it being the intent of this Agreement that the Pansano Related Entities shall retain their stock ownership interest in Petrichor.

11. **Mutual Release.** Petrichor and Odyssey U.S. for themselves and their respective successors and assigns hereby fully, absolutely and forever mutually release, relinquish, discharge, settle and compromise any and all claims, cross-claims, counter-claims, causes, damages and actions of every kind and character and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden in law or equity which they have against each other and their respective officers, directors, agents and representatives, provided, however, nothing contained herein is intended to and nothing herein shall have any effect upon the stock ownership interest of Petrichor in Odyssey US, it being the intent that Petrichor shall be entitled to any surplus distribution in the Chapter 11 Case.

12. **Mutual Release.** Pansano Related Entities and Odyssey U.S. for themselves and their respective successors and assigns hereby fully, absolutely and forever mutually release, relinquish, discharge, settle and compromise any and all claims, cross-claims, counter-claims, causes, damages and actions of every kind and character and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden in law or equity which they have against each other and their respective officers, directors, agents and representatives. The release herein includes any claims for any unpaid post-petition administrative expense claims, including, but not limited to,r rig rental and working interest payments due the Pansano Related Entities in excess of $40,000.00 and any claims of Odyssey US in connection with post-petition payments made to any one or more of the Pansano Related Entities. The overpayment of approximately $20,000.00 on the Kimberly Lawrence Debenture purchased by Energy will be credited against such $40,000.00 post-petition claim limit. The release provided for herein shall not have any effect upon (i) any rights to payments after the Effective Date under the 363 Motion and related documents on account of the interests of the Pansano Related Entities being retained by Paragraph 9 herein, (ii) any rights to a return of collateral securing salt water disposal well bonds and plugging and abandonment bonds, or (iii) the right to possession of three pumps in the possession of Odyssey U.S.

13. **Effectiveness**. This Settlement Agreement is subject to the approval of the United States Bankruptcy Court for the Southern District of Mississippi in the Odyssey U.S. Chapter 11 case and is further subject to the occurrence of the Closing as contemplated by the 363 Motion, in which the gross sales proceeds approved by the Bankruptcy Court for the Odyssey U.S. Assets is at least $9,300,000.00 and the gross sales proceeds for the Petrichor Assets is at least $1,900,000.00.

14. **Construction**. Each Party acknowledges that it has participated in the negotiation of this Agreement and no provision of this Agreement will be construed against or interpreted to the disadvantage of any Party hereto by any court or other governmental or judicial authority by reason of such Party having or being deemed to have structured, dictated or drafted such provision. All terms of this Agreement were negotiated at arms-length, and this Agreement was prepared and executed without fraud, duress, undue influence or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

15. **Counterparts; Electronic Delivery**. To facilitate execution, this Agreement and any required consents may be executed in as many counterparts as may be convenient or required. It shall not be necessary that the signature of, or on behalf of, each Party, or that the signature of all persons required to bind any Party, appear on each counterpart. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this Agreement or any required consent to produce or account for more than a single counterpart containing the respective signatures of, or on behalf of, each of the Parties thereto. Any signature to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature pages. Delivery of an executed counterpart of this Agreement or any required consent by telefacsimile or any other form of electronic transmission shall be equally as effective as delivery of an original executed counterpart thereof. Any Party delivering an executed counterpart of this Agreement or any required consent by telefacsimile or other electronic means also shall deliver an original executed counterpart of such instrument, but the failure to deliver an original executed counterpart shall not affect the validity, enforceability, and binding effect thereof.

16. **Governing Law.** This Agreement shall be construed and enforced in accordance with the laws of the State of Mississippi, without regard to the conflict of laws rules in effect from time to time in the State of Mississippi.

17. **Complete Agreement**. The Parties further agree, declare and represent that no promise, inducement, representation or agreement not herein expressed has been made to any Party or caused them to enter this Agreement. The Agreement contains the entire and final agreement between the Parties and there are no agreements, understandings, warranties or representations among the Parties except as set forth herein. The terms of the Agreement are contractual and not a mere recital. This is a fully integrated agreement. It may not be altered or modified by oral agreement or representation or otherwise except by a writing of subsequent date hereto signed by all parties in interest at the time of the alteration or modification.




18. **Necessary Documents.** The Parties agree to enter into and execute such further documents or instruments as may be necessary and appropriate to effectuate this Agreement.

19. **Miscellaneous.** It is further agreed as follows:

    (a) Time is of the essence of this Agreement and each provision of this Agreement.

    (b) This Agreement will inure to the benefit of and bind the respective heirs, personal representatives, successors, and permitted assigns of the Parties hereto.

    (c) Paragraph or other headings contained in this Agreement are for reference purposes only and are not intended to affect in any way the meaning or interpretation of this Agreement.

    (d) Neither this Agreement nor any of the provisions hereof can be changed, waived, discharged or terminated, except by an instrument in writing signed by the Party against whom enforcement of the change, waiver, discharge or termination is sought.

ODYSSEY PETROLEUM CORP. (U.S.)

BY: _____

ITS: _____

PRINT NAME: _____


PETRICHOR ENERGY, INC.

BY: _[signature]_

ITS: _Chief Financial Officer_

PRINT NAME: _RICHARD BARNETT_



18. **Necessary Documents**. The Parties agree to enter into and execute such further documents or instruments as may be necessary and appropriate to effectuate this Agreement.

19. **Miscellaneous**. It is further agreed as follows:

    (a) Time is of the essence of this Agreement and each provision of this Agreement.

    (b) This Agreement will inure to the benefit of and bind the respective heirs, personal representatives, successors, and permitted assigns of the Parties hereto.

    (c) Paragraph or other headings contained in this Agreement are for reference purposes only and are not intended to affect in any way the meaning or interpretation of this Agreement.

    (d) Neither this Agreement nor any of the provisions hereof can be changed, waived, discharged or terminated, except by an instrument in writing signed by the Party against whom enforcement of the change, waiver, discharge or termination is sought.

ODYSSEY PETROLEUM CORP. (U.S.)

BY: _C S Deutchman_

ITS: _CRO_

PRINT NAME: _C.S. Deutchman_


PETRICHOR ENERGY, INC.

BY: _____

ITS: _____

PRINT NAME: _____

CONFEDERATION CAPITAL CORPORATION

BY: /s/ _____

ITS: Authorized Signatory

PRINT NAME: Robert J Paikowski

G&O ENERGY

BY: _____

ITS: _____

PRINT NAME: _____

ENERGY RESOURCES CORP.

BY: _____

ITS: _____

PRINT NAME: _____

PAN SOUTHERN PETROLEUM CORP.

BY: _____

ITS: _____

PRINT NAME: _____

PHOENIX RESOURCES, LLC

BY: _____

ITS: _____

PRINT NAME: _____

CONFEDERATION CAPITAL CORPORATION

BY:_____

ITS:_____

PRINT NAME:_____

G&O ENERGY

BY: _____/s/_____

ITS: _____President_____

PRINT NAME: Joe DeVries

ENERGY RESOURCES CORP.

BY:_____

ITS:_____

PRINT NAME:_____

PAN SOUTHERN PETROLEUM CORP.

BY:_____

ITS:_____

PRINT NAME:_____

PHOENIX RESOURCES, LLC

BY:_____

ITS:_____

PRINT NAME:_____

CONFEDERATION CAPITAL CORPORATION

BY:_____

ITS:_____

PRINT NAME:_____

G&O ENERGY

BY:_____

ITS:_____

PRINT NAME:_____

ENERGY RESOURCES CORP.

BY: *[signature: Whitney J Pansano III]*

ITS: President

PRINT NAME: Whitney J. Pansano III

PAN SOUTHERN PETROLEUM CORP.

BY: *[signature: Whitney J Pansano III]*

ITS: Vice-President

PRINT NAME: Whitney J. Pansano III

PHOENIX RESOURCES, LLC

BY: *[signature: Gale P Havard]*

ITS: Manager

PRINT NAME: Gale P. Havard

_____
WHITNEY J. PANSANO, JR.

_____
WHITNEY J. PANSANO, III

GOODLIFFE CAPITAL, INC.

BY: _____

ITS: _____President_____

PRINT NAME: __Edward Goodliffe__

_____
HARVEY H. HUTCHINS

_____
WHITNEY J. PANSANO, JR.


_____
WHITNEY J. PANSANO, III

GOODLIFFE CAPITAL, INC.


BY:_____

ITS:_____

PRINT NAME:_____

*[signature]*
_____
HARVEY H. HUTCHINS

# Odyssey Petroleum, Corp.

## Claims included within the Settlement Agreement with Canada and PRE

| Proof of Claim # | POC Date | Type of Oblig. | Owed To | Amount | | Allowed Amount |
|---|---|---|---|---|---|---|
| **CANADIAN RELATED ENTITIES:** | | | | | | |
| **Secured Obligation:** | | | | | | |
| 93 | 04/13/11 | Loan | Petrichor Energy, Inc. | $1,642,452.05 | | $1,642,452.05 |
| **Pre-Petition Royalty:** | | | | | | |
| 94 | 04/13/11 | Royalty | G & O Energy | $106,967.70 | | $106,967.70 |
| **General Unsecured Claims:** | | | | | | |
| 95 | 04/13/11 | Loan | Confederation Capital Corp. | $538,347.60 | | $538,347.60 |
| **PANSANO RELATED ENTITIES:** | | | | | | |
| **Secured Obligation:** | | | | | | |
| 88 | 04/06/11 | Service | Pan Southern Petroleum, Corp | $725,680.00 | | $515,000.00 |
| **Pre-Petition Royalty:** | | | | | | |
| 82 | 04/06/11 | Royalty | Energy Resources, Corp | $112,410.56 | | $112,410.56 |
| **General Unsecured Claims:** | | | | | | **Pro-Rata** |
| 44 | 07/07/10 | Service | Whitney Pansano (@@) | $40,000.00 | 0.00% | $0.00 |
| 78 | 03/17/11 | Lease | Pan Southern Petroleum, Corp | $90,000.00 | 6.61% | $51,192.60 |
| 79 | 03/17/11 | Lease | Pan Southern Petroleum, Corp | $198,000.00 | 14.53% | $112,623.72 |
| 80 | 03/17/11 | Lease | Phoenix Resources, LLC | $170,000.00 | 12.48% | $96,697.13 |
| 83 | 04/06/11 | Royalty | Goodlieffe Capital, Inc. | $9,940.19 | 0.73% | $5,654.05 |
| 84 | 04/06/11 | Service | Whitney Pansano, III | $16,073.90 | 1.18% | $9,142.94 |
| 85 | 04/06/11 | Service | Whitney Pansano, Ltd. | $58,527.57 | 4.30% | $33,290.87 |
| 87 | 04/06/11 | Service | Phoenix Resources, LLC | $524,660.00 | 38.51% | $298,430.10 |
| 86 | 04/06/11 | Loan | Energy Resources, Corp | $132,300.00 | 9.71% | $75,253.12 |
| 81 | 04/06/11 | Service | Harvey Hutchins | $10,000.00 | 0.73% | $5,688.07 |
| 96 | 04/14/11 | Service | Harvey Hutchins | $153,000.00 | 11.23% | $87,027.42 |
| | | | **Totals ==>** | **$1,362,501.66** | **100.00%** | **$775,000.00** |

**@@** - This claim was replaced by Proof of Claim #85.